OTTO A. JOHNSON *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

AGNES C. JOHNSON *vs.* SAME.

MARCH 31, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. These actions of trespass on the case were brought by a wife and husband respectively to recover damages resulting from personal injuries sustained by the wife because of defendant's alleged negligence. A jury in the superior court returned a verdict for the defendant in each case. The trial justice thereafter denied the motion for a new trial by each plaintiff, and each case is before us on the plaintiff's exception to such decision. Since the husband's case depends upon the wife's right to recover, we shall refer only to her case, our decision, however, applying to both cases.

It appears in evidence that on the evening of December 13, 1945 the plaintiff, a stout elderly woman who was partially blind, boarded a trackless trolley, hereinafter called the bus, of the defendant and occupied a seat close to the front vestibule, through which passengers had to pass in leaving the bus. She testified that by the time she reached her destination the bus was greatly overcrowded, with passengers standing closely together not only in the body of the bus but also in the vestibule; that the bus came to a stop at her destination, and, carrying a man's hat in a paper bag in her left hand and with her pocketbook hanging from her left arm, she pushed her way through the crowd to the vestibule; and that, as she was showing her pass to the operator, the crowd there jostled and pushed her backwards towards the exit in such a way that she landed on her back in the street.

Elsie Hall and her husband Joseph A. Hall, neighbors of the plaintiff, left the bus at the same place and helped her home after the accident. They testified in effect that they were to the rear of the plaintiff; that many passengers were standing in the body of the bus and in the vestibule; and that they noticed the plaintiff ahead of them but neither could tell what caused her to fall. The husband further testified that although he saw the plaintiff falling he did not see her pushed out of the vestibule.

The witnesses for the defendant were the operator of the bus, a passenger, a doctor, and an investigator. The substance of their respective testimony was as follows. The operator testified that the bus was crowded; that there were possibly two passengers in the vestibule at the time of the accident; that those passengers alighted ahead of the plaintiff; that after the plaintiff had shown her pass, he first glanced in the mirror to see if other passengers were making their way towards the vestibule and then, looking to his right, he saw the plaintiff falling either from the vestibule or from the steps thereof; that he went to her assistance; and that she then told Mrs. Hall, in answer to a

question from the latter, that she did not know how she fell unless somebody pushed her.

A passenger, who was sitting immediately next to the vestibule, testified that he was uncertain as to whether a few passengers were standing in the vestibule at the time of the accident; that he saw the plaintiff fall; that it seemed to him as if she just sat down and slid off; and that she was not pushed by anyone. A doctor, who examined the plaintiff for the defendant, testified that in her history of the case she merely told him that she "fell in the street out of the bus a year before." Through an investigator who interviewed the plaintiff a few days after the accident, the defendant introduced in evidence a written statement signed by her wherein appears the following language: "The accident happened very quickly and I don't know how it happened unless somebody pushed me." This was denied by the plaintiff, who further testified that she did not read the statement and that she signed it at the urging of the investigator who told her that otherwise she would have no case. We note here that up to the time of the accident the plaintiff was regularly employed as a bookkeeper.

This is a case where the evidence was conflicting and so nearly balanced that fair-minded persons might reasonably come to different conclusions thereon. In such a situation it is well settled that a trial justice should not disturb the verdict of the jury, even though his own judgment might incline him to a contrary view. *Hovas* v. *Cirigliano*, 70 R. I. 227. The trial justice correctly applied such rule in the circumstances of this case. Our examination of his decision shows that in denying plaintiff's motion for a new trial he did not overlook or misconceive any material evidence, and further that in his judgment the plaintiff was "exaggerating and imagining things." Credibility is a valuable test in determining the merit of conflicting and nearly balanced evidence. Since the trial justice had the advantage of observing the plaintiff while testifying, which we do not have, and since he fairly passed his independent judgment

on all the material evidence we cannot say that he was clearly wrong in his decision.

The plaintiff, however, contends that notwithstanding such a view of the case she should be granted a new trial because the jury at one time during the course of their deliberation must have decided the issue of liability in her favor. She bases this contention on the refusal of the trial justice to allow them to have a certain medical memorandum which was marked as one of plaintiff's exhibits for identification but which was never put in evidence. From this premise she argues that as the memorandum related to her injuries the jury must necessarily have decided that the defendant was liable, and that therefore they were considering the question of damages when they made the above-mentioned request. This contention is clearly without merit. The reason why the jury asked for the memorandum rests entirely on conjecture, which is not a valid ground for granting a new trial.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*C. Bird Keach, Charles A. Curran,* for plaintiffs.

*Earl A. Sweeney, Frank J. McGee,* for defendant.